UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-08939-CAS-AJRx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Alo, LLC v. Princess Fashion, et al. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                         Not Present

**Proceedings:**    (IN CHAMBERS) - MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS (Dkt. 33, filed on February 6, 2026)

## I.    INTRODUCTION

The Court finds that this matter may be appropriately decided without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

On September 19, 2026, plaintiff Alo, LLC ("Alo") filed this action against Princess Fashion, a business; Abdou Diop, a business; Adela Gudino-Rodriguez ("Gudino-Rodriguez"), an individual; JOHN DOES 1-2, businesses; and JOHN DOES 3-7, individuals.  Plaintiff asserts four claims for relief: (1) trademark infringement, 15 U.S.C. § 1114; (2) false designation of origin, 15 U.S.C. § 1125(a)(1)(A); (3) unfair competition, 15 U.S.C. § 1125(a)(1)(B); and (4) unfair business practices, Cal. Bus. & Prof. Code § 17200.  Dkt. 1 ("Compl.").

On December 3, 2025, plaintiff filed a proof of service upon defendant Gudino-Rodriguez, stating that registered process server Alberto J. Gutierrez Rodriguez of Nationwide Legal LLC ("Nationwide") served copies of the summons, complaint, and other documents on November 30, 2025 on Jose Martinez, an individual aged 26-30 who resided at the Gudino-Rodriguez's usual place of abode at 5003 S Figueroa St, Los Angeles, CA 90037-3345.  Dkt. 7.

On December 26, 2025, plaintiff voluntarily dismissed its action without prejudice against Princess Fashion and Abdou Diop.  Dkt. 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-08939-CAS-AJRx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Alo, LLC v. Princess Fashion, et al. | | |

On December 30, 2025, plaintiff filed its First Amended Complaint against Gudino-Rodriguez, an individual; JOHN DOES 1-2, businesses; and JOHN DOES 3-7, individuals.  Dkt. 23 ("FAC").

On February 1, 2026, plaintiff filed a proof of service upon Gudino-Rodriguez, indicating that the First Amended Complaint, summons, and other documents were mailed on January 27, 2026.  Dkt. 32.  One copy of the FAC and summons was addressed to Gudino-Rodriguez, 5003 S Figueroa St, Los Angeles, CA 90037-3345; another copy of the FAC and summons was addressed to Gudino-Rodriguez, 5007 S Figueroa St, Los Angeles, CA 90037-3345.  Dkt. 32.

On February 6, 2026, Gudino-Rodriguez, pro se, filed the instant motion to dismiss plaintiff's FAC for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(4).  Dkt. 33 ("Mot.").  On March 2, 2026, plaintiff filed an opposition.  Dkt. 37 ("Opp.").  Gudino-Rodriguez did not file a timely reply.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  Omni Capital It'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987).  "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint."  Wasson v. Riverside Cty., 237 F.R.D. 423, 424 (C.D. Cal. 2006) (internal quotation marks and citation omitted).  "When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy."  Beatie and Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 384 (S.D.N.Y. 2006) (internal quotation marks and citation omitted).  On a Rule 12(b)(5) motion, the court "must look to matters outside the complaint to determine whether it has jurisdiction."  Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

When a plaintiff fails to meet his burden on such a motion, the district court has "broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant."  5B Wright & Miller, Federal Practice & Procedure § 1354

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08939-CAS-AJRx | Date | March 23, 2026 |
| Title | Alo, LLC v. Princess Fashion, et al. | | |

(3d ed. Apr. 2015); see Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976) (similar).  Despite this discretion, courts have generally held that "dismissal is not appropriate when there exists a reasonable prospect that service can be obtained." Novak v. World Bank, 703 F.2d 1305, 1310 (D.C. Cir. 1983).

"An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service.  Technically, therefore, a [R]ule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." Wasson v. Riverside Cty., 237 F.R.D. 423, 424 (C.D. Cal. 2006).

Federal Rule of Civil Procedure 4(c) requires that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c).  Rule 4(e) provides that:

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

The Ninth Circuit has held that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984).  As such, "dismissal is generally not justified absent a showing of prejudice." Id.; see also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-08939-CAS-AJRx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Alo, LLC v. Princess Fashion, et al. | | |

5A Wright & Miller, Federal Practice and Procedure, § 1353, pp. 334–35 (3d ed. 2004). ("In the case of an objection under Rule 12(b)(4) to the form of the process, the motion will be granted only when the defect is prejudicial to the defendant.").

## III. DISCUSSION

Gudino-Rodriguez moves to dismiss the First Amended Complaint for insufficient service of process. Mot. at 1. She argues that "[she] has never been personally handed a summons or complaint by a process server at any time in this case." Id. at 3. Moreover, she argues that "Rule 4(d) permits service by mail only where the defendant executes a waiver of service," and that "[she] expressly did **not** execute or return any waiver." Id. at 3 (emphasis in original). Accordingly, she argues that plaintiff's service of the First Amended Complaint by mail was deficient. Id. Gudino-Rodriguez also argues that plaintiff's service of its complaint upon her son was defective because her son "is not alleged to be an authorized agent[] nor shown to reside with [Gudino-Rodriguez]." Id. at 3-4.

In opposition, plaintiff argues that both the original complaint and the First Amended Complaint were properly served on Gudino-Rodriguez. Opp. at 5. As to the original complaint, plaintiff argues that it properly executed substitute personal service on Gudino-Rodriguez at her place of abode "with someone of suitable age who resided there: a man who identified himself as her son, Jose Martinez, who appeared to be at least eighteen years of age, and who was informed of the general nature of the papers." Id. at 6. Plaintiff argues that the service of its original complaint was effective because Gudino-Rodriguez subsequently appeared in this Court by timely filing her first motion to dismiss, dkt. 18, and filing a request for an interpreter, dkt. 30. Mot. at 6.

Second, plaintiff argues that its service of the First Amended Complaint was likewise proper. Plaintiff argues that the FAC "contained additional factual allegations in support of [plaintiff's] claims, but it did not include any new or additional claims for relief." Id. at 6. Moreover, plaintiff argues that Gudino-Rodriguez was not in default, having appeared in response to the original complaint. Id. at 6. Accordingly, plaintiff argues that its service of the FAC on Gudino-Rodriguez by mail was proper under Rule 5(b), which allows for "a pleading filed after the original complaint" to be served by mail or the court's electronic-filing system. Id. at 6. Plaintiff argues that because it is "aware that Ms. Gudino-Rodriguez is a pro se defendant who may not be registered with this system … [plaintiff] served the FAC via mail, which is effective service under Rule 5."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:25-cv-08939-CAS-AJRx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Alo, LLC v. Princess Fashion, et al. | | |

Id. at 7. Plaintiff further states that "[it] served the FAC to two [known] addresses for Ms. Gudino-Rodriguez [—5003 S. Figueroa vs. 5007 S. Figueroa—] to ensure effective service."[1] Id.

The Court finds that plaintiff's service of its First Amended Complaint on Gudino-Rodriguez was adequate. As an initial matter, plaintiff properly served its original complaint on Gudino-Rodriguez in compliance with Rule 4. The record shows that on November 30, 2025, a registered process server served copies of the summons and complaint on Jose Martinez, a man who identified himself as Gudino-Rodriguez's son and appeared to be at least eighteen years of age, at Gudino-Rodriguez's residential address at 5003 S Figueroa St, Los Angeles, CA 90037-3345. Dkt. 7. Gudino-Rodriguez does not dispute that this address was her correct residential address. See generally Mot. Such service was proper under Rule 4(e) ("[A]n individual … may be served in a judicial district of the United States by … leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there).

Plaintiff also properly served its First Amended Complaint on Gudino-Rodriguez. Because the First Amended Complaint constitutes "a pleading filed after the original complaint" that is asserted against Gudino-Rodriguez, a party who has appeared in the case and is not in default, see dkt. 18, plaintiff could properly serve plaintiff under Rule 5. See Fed. R. Civ. P. 5(a)(1), 5(a)(2). Plaintiff has adequately done so here by "mailing [the FAC] to [Gudino-Rodriguez's] last known address[es]" and by "filing [the FAC] with the court's electronic-filing system." See Fed. R. Civ. P. 5(b). Accordingly, plaintiff's service of its First Amended Complaint on Gudino-Rodriguez was proper, and Gudino-Rodriguez's motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(4) must be denied. The record establishes that Gudino-Rodriguez has received sufficient notice of plaintiff's operative First Amended Complaint. See United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984).

///

///

---

[1] Plaintiff explains that it learned of a second residential address for Gudino-Rodriguez after she filed her first motion to dismiss, dkt. 18, in which she indicated that her address was 5007 S. Figueroa St, Los Angeles, CA 90037. Opp. at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-08939-CAS-AJRx | Date | March 23, 2026 |
|----------|------------------------|------|----------------|
| Title | Alo, LLC v. Princess Fashion, et al. | | |

## IV.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** Gudino-Rodriguez' motion to dismiss plaintiff's First Amended Complaint for insufficient service of process.

Gudino-Rodriguez shall file an answer or responsive pleading to plaintiff's First Amended Complaint within thirty (30) days of this order.

The Court **VACATES** the hearing scheduled for March 30, 2026.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|--|--|----|---|----|
| Initials of Preparer | | | CMJ | |